BRIDGES, J.,
for the Court.
¶ 1. Charles McQuirter was indicted by the grand jury of Wilkinson County for burglary of a storehouse in violation of Mississippi Code Annotated section 97-17-38. At the conclusion of his trial, McQuirter was found guilty and sentenced to serve seven years in the custody of the Mississippi Department of Corrections as an habitual offender pursuant to Mississippi Code Annotated section 99-19-81. McQuirter now appeals to this Court concerning that conviction.
STATEMENT OF THE ISSUE
WHETHER THE TRIAL COURT ERRED IN NOT GRANTING MCQUIRTER’S MOTION FOR A J.N.O.V.
FACTS
¶ 2. Charles McQuirter was indicted for breaking and entering of a storehouse of James H. Ray, III with the intent to commit the crime of theft. Ray stayed in a trailer which was located on some acreage owned by his friends. Around Labor Day, 2001, Ray went out of town and when he returned, he found that his trailer had been broken into and ransacked. Among the items found missing were fishing poles and related gear, a bow and arrows, and clothes.
¶ 3. Officer Packnett, one of the investigating officers, testified that during the course of their investigation, they talked to several people and when asked “about something that they had they said that they got it from McQuirter.” Also, a fishing reel was brought to the police by Robert Cage, the grandfather of Steven Cage. When asked by the police where he got the fishing reel, Steven Cage told police that McQuirter had given it to him on his way fishing one day.
¶ 4. Another officer investigating the burglary, Officer Grayson, testified that a number of items belonging to Ray were located in McQuirter’s girlfriend’s residence.
¶ 5. Thelma Williams, McQuirter’s girlfriend, testified that she had known McQuirter for eighteen to nineteen years and they have four children together. She consented to a search of her trailer which yielded “some traps, some clothes, shirt and a pair of pants, a couple of hats.” Williams testified that she found these things in her “mamma’s old car” which had been parked outside the trailer for about five years or so and used for storage space. Williams told deputies that McQuirter put these things into the old car. Specifically, the deputies recovered several hunting caps, a cordless drill, a microphone, a deer trap and some clothing. However, at trial Williams attempted to deny having told the deputies that McQuirter had put a green bag full of stuff into the car. Williams did, however, admit that she retrieved items from the car and *553 put them into a cabinet inside her trailer, where they were later found by deputies.
¶ 6. Mr. Robert Cage testified that he had received a fishing reel from McQuirter. This reel had been identified by Ray as being his, and one of the items of property missing from his trailer after it had been burglarized.
ANALYSIS
¶ 7. McQuirter claims that the State failed to establish that he committed burglary. He states that the State might have proved that he was in possession of recently stolen property but that the State failed to show that he broke and entered Ray’s trailer with the intent to steal. In reviewing his claim, we must first consider the appropriate standard of review.
¶ 8. Motions for JNOV implicate the sufficiency of the evidence and the standard of review is well settled: “we must, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true.” Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998). In Gleeton, the court also states that we may “reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Id.
¶ 9. In Shields v. State, the defendant was convicted of burglary and the issue on appeal involved the sufficiency of the evidence to convict a person for the crime of burglary. Shields v. State, 702 So.2d 380, 381 (Miss.1997). The court, in that case, concluded that the possession of stolen articles, standing alone, may be sufficient. Id.
¶ 10. In Shields, the court arrived at common sense circumstances to be considered. They are stated as follows:
(1) The temporal proximity of the possession to the crime to be inferred;
(2) The number or percentage of the fruits of the crime possessed;
(3) The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
(4) Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Shields, 702 So.2d at 383.
¶ 11. In the case sub judice, the first factor, the temporal proximity of possession, lends great strength to the inference that McQuirter committed the burglary. There is evidence that McQuirter possessed fruits of the burglary within a day or two of the burglary.
¶ 12. With respect to the second factor, while it is not known for certain how many items of property were taken and hidden by McQuirter, it is quite clear that he did indeed have items that were taken in the burglary which were later identified by Ray, such as hunting gear, clothing and some hats.
¶ 13. As to the third factor, McQuirter tried to hide the stolen property in his girlfriend’s mother’s car.
¶ 14. Finally, with regard to the fourth factor, McQuirter offered no explanation whatsoever for having the stolen items in his possession. The court in Cosby v. Jones, observed that “the inference is at its strongest when the defendant wholly fails to make a credible explanation or makes a demonstrably false explanation.” Id. (quoting Cosby v. Jones, 682 F.2d 1373, 1380, 1382-1383 (11th Cir.1982)).
¶ 15. Considering all of the indicia of strength of the inferences together taken, *554 we must conclude that under the circumstances of this case, the inference of burglary is sufficient to support a conviction. Accordingly, we affirm.
¶ 16. THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A STOREHOUSE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.